IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TGM MOOREFIELD LLC,              )
                                 )
    Plaintiff,                   )
                                 ) Civil Action No. 1:25-cv-974
v.                               )
                                 )
ANDREW AQUILA,                   )
                                 )
    Defendant.                   )

### ORDER

THIS MATTER comes before the Court on *pro se* Defendant Aquila's pending motions, Plaintiff's Motion to Remand, and on the Court's review of the docket in this matter.

On June 9, 2025, Defendant Aquila filed a notice of removal purporting to remove a judgment from Loudoun County General District Court entered in TGM Moorefield LLC v. Aquila, Case No. GV25000478-000. This is Defendant's second attempt to remove the eviction proceeding to this Court. See TGM Moorefield, LLC et al. v. Aquila, Case No. 1:25-cv-453-RDA-WBP (dismissing the matter sua sponte for improper removal and lack of subject matter jurisdiction). Defendant Aquila was a defendant in an unlawful detainer action brought by landlord TGM Moorefield LLC. The unlawful detainer action was filed in state court on January 16, 2025. On June 3, 2025, a default judgment was entered against Mr. Aquila as to the unlawful detainer claim, and as a result, Plaintiff obtained a judgment of possession and monetary relief.

1

At the time of removal, the case had already proceeded through trial and default judgment. On June 20, 2025, Mr. Aquila was evicted from TGM's apartment by the Loudoun County Sheriff.

As an initial matter, at the time of removal there was no present case or controversy for Defendant to remove because a judgment had already been entered. Thus, this Court cannot accept Defendant's purported removal because the eviction action is no longer pending. Removal is also untimely. See 28 U.S.C. § 1446(b) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

Additionally, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 ("Absent diversity of citizenship, federal-question jurisdiction is required."). Notably, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Here, the complaint filed in state court by Plaintiff did not raise a federal question. The complaint only involved state law

2

eviction proceedings. While Defendant asserts there is subject-matter jurisdiction on the basis of federal question for alleged discrimination, Defendant may not create federal jurisdiction by converting the eviction proceeding into a federal question by making generalized statements regarding alleged improprieties in the eviction process. See Fisher v. Stanely, 2016 WL 5920903, at *3 (D. Md. Oct. 11, 2016). In addition, it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc., 482 U.S. at 393. Moreover, Mr. Aquila has failed to show that he was unable to enforce any federal rights in the state court. Because there is no diversity of citizenship nor federal question jurisdiction, this action must further be remanded for want of subject matter jurisdiction.

And finally, to the extent Defendant is requesting this Court to review the judgment entered by the state court, Defendant may not effectively appeal state court rulings to this Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (holding a federal district court lacks authority to review final determinations of state or local courts). Defendant's assertions are intertwined with the eviction proceedings such that the Rooker-Feldman doctrine applies to bar the exercise of federal

3

jurisdiction. Rodman v. Jean-Charles, 2020 WL 1248946, at *4-5 (D. Md. Mar. 16, 2020) ("Courts have consistently applied the Rooker-Feldman doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings."); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Therefore, to the extent Defendant is requesting relief that would require this Court to overrule and reverse orders made in state court, such a result is prohibited under the Rooker-Feldman doctrine. See, e.g., Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (finding that the Rooker-Feldman doctrine is jurisdictional and may be raised by the Court sua sponte).

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Remand is GRANTED, and this matter is REMANDED to Loudoun County General District Court; and it is further

ORDERED that Defendant Aquila's pending motions are DENIED as MOOT.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 14, 2025